1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ARNEL M. RAMOS and ANGELA B. RAMOS,

Plaintiffs,

vs.

JPMORGAN CHASE BANK, et al.,

Defendants.

CASE NO. 13-CV-2808-LAB-WMC

**ORDER ON PENDING MOTIONS TO DISMISS**

There are three motions to dismiss pending in this case, the first from Fannie Mae, the second from JPMorgan Chase, and the third from Bank of America, Southwest SCME Mortgage 2006 Corporate Pass-Through Certificates Series 2006, Recontrust Company, Landsafe Title, and Mortgage Electronic Registration Systems.

There is a threshold problem with this case that it seems only BOA has caught: on October 25, 2013, facing the loss of their home, Arnel and Angela Ramos conveyed their entire interest in it to the "Arnel and Angela Ramos CA Family Trust." (BOA Mot. to Dismiss, Ex. E, Doc. No. 21-3.) This was after a notice of default was originally filed, but before a Deed in Lieu of Foreclosure was recorded. With this conveyance, Mr. and Mrs. Ramos lost the title to their home, and it is the trust, not them, that is the real party in interest in this case. *See* Fed. R. Civ. P. 17(a). Moreover, under both caselaw and this Court's rules they can't represent the trust; it must be represented by counsel. *See Swenson v. United States*,

1    2013 WL 147814 at *2 (E.D. Cal. Jan. 14, 2013); Civil Local Rule 83.3(k) ("Only natural

2    persons representing their individual interests in propria persona may appear in court without

3    representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3.").

4         An individual may represent a trust pro se when he is both the trustee and the sole

5    beneficiary, but it's highly unlikely that those are the circumstances here.  *Id.; see also*

6    *Becker v. Wells Fargo Bank, N.A.*, 2010 WL 5169009 at *6 (E.D. Cal. Dec. 14, 2010) (citing

7    *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987)).  And this even assumes

8    that the Arnel and Angela Ramos Family Trust is a legitimate one.  The Court has its doubts,

9    considering the timing of the conveyance and an address in The Woodlands, TX that seems

10   to point to either a shopping mall or a Hyatt Hotel.  No party here challenges the

11   conveyance, however, and it was notarized and filed with the San Diego County Recorder's

12   Office.

13        Under Rule 17(a)(1), "[t]he real party in interest is the person who has the right to sue

14   under the substantive law.  In general, it is the person holding title to the claim or property

15   involved, as opposed to others who may be interested in or benefit by the litigation."

16   *Malikyar v. Sramek*, 2008 WL 4891020 at *3 (N.D. Cal. Nov. 12, 2008) (citing *U-Haul Int'l,*

17   *Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986)).  Here, the real party in interest is

18   clearly the trust.  By Mr. and Mrs. Ramos's own hand, it last had title to their home.

19        This would seem to be grounds for dismissal, but Rule 17 goes on to direct that "[t]he

20   court may not dismiss an action for failure to prosecute in the name of the real party in

21   interest until, after an objection, a reasonable time has been allowed for the real party in

22   interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).[1]  The Ninth

23   Circuit has held that this provision "is designed to avoid forfeiture and injustice when an

24   understandable mistake has been made in selecting the party in whose name the action

25   should be brought."  *Goodman v. United States*, 298 F.3d 1048, 1053 (9th Cir. 2002).  The

26

27        [1] The Court also notes that the Federal Rules of Civil Procedure don't specify a
28   procedure for raising an objection that the plaintiff is not the real party in interest.  For
     example, it isn't one of the enumerated bases for dismissal under Rule 12(b).  *See Kinman*
     *v. Wells Fargo Bank, N.A.*, 2013 WL 523092 at *2 n.4 (E.D. Cal. Feb. 11, 2013).

1  implication of this, of course, is that when there is no mistake and plaintiffs know they're not

2  the real party in interest, dismissal *is* appropriate.  *See Dunmore v. United States*, 358 F.3d

3  1107, 1112 (9th Cir. 2004); *U.S. for Use and Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070,

4  1075 (9th Cir. 1989).

5           The Court will give Mr. and Mrs. Ramos the benefit of the doubt here.  Even if they

6  knowingly conveyed their interest in the home to the trust, they may be unaware of the legal

7  consequences of having done so.  But the Court will hold them to that conveyance.  They

8  therefore have two weeks from the date this Order is entered to have the trust ratify, join, or

9  be substituted into this action—represented by counsel.  If they fail to do so, the Court will

10  dismiss all of their claims with prejudice.

11

12          **IT IS SO ORDERED**.

13  DATED:  April 17, 2014

14

15          **HONORABLE LARRY ALAN BURNS**
        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28